Gregory D. Miller (GM 2387)
Michael A. Troisi (MT 2002)
Brian L. Bank (BB 5995)
RIVKIN RADLER LLP
926 RXR Plaza
Uniondale, New York 11556
Telephone:     (516) 357-3000
Facsimile:     (516) 357-3333

-and-

25 Main Street, Suite 501
Hackensack, New Jersey 07601
Telephone:     (201) 287-2460
Facsimile:     (201) 489-0495

*Counsel for Defendant Affiliated FM Insurance Company*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

| | |
|---|---|
| Broadwall Management Corp.,<br>CP Associates LLC, Nassau Mall Plaza Associates LLC,   :<br>3601 Turnpike Associates LLC, 250 Park LLC,   :<br>488 Madison Avenue Associates LLC, 257 Park Avenue   :<br>South Associates LLC, 257 Park Avenue Associates LLC,   :<br>257 Park Avenue South Fee Owner LLC, 370 Seventh   :<br>Avenue Associates LLC, Seven Penn Associates LLC,   :<br>French Partners LLC, SPA_NY LLC, New York French   :<br>Soundview LLC, 551 Fifth Avenue Co-Investors LLC,   :<br>New York French Building Co-Investors LLC,   :<br>CIC_NY LLC, 10 South LaSalle Owner LLC,   :<br>Madison LaSalle Partners LLC, Fulton Retail LLC,   :<br>Fulton Green Owner LLC, 645 North Michigan LLC,   :<br>645 No. Michigan LLC/Nakash TIC, Nakash 645 North   :<br>Michigan LLC, 730 Franklin Building Owner LLC,   :<br>North Sheffield Associates LLC, 1151 Third Avenue   :<br>Associates LLC, RP Feil 57 LLC, RCGLV FT 200   :<br>W 57 LLC, RCGLV 200 W 57 LLC, P200 Payroll | **Docket No.:** |

Plaintiffs,

-against-

Affiliated FM Insurance Company,

Defendant.

-------------------------------------------------------------------X

## NOTICE OF REMOVAL

**TO:    THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

Pursuant to 28 U.S.C. §§ 1441, 1446(a), and Local Civil Rule 81.1 of the Local Rules of

the United States District Courts for the Southern and Eastern Districts of New York (the "Local

Rules"), Defendant Affiliated FM Insurance Company ("Defendant"), by and through its

undersigned counsel, Rivkin Radler LLP, hereby gives notice of the removal of the above-

captioned matter from the Supreme Court of the State of New York, County of New York, where

the action is now pending, to the United States District Court for the Southern District of New

York, and respectfully states as follows:

1.      Plaintiffs Broadwall Management Corp., CP Associates LLC, Nassau Mall Plaza

Associates LLC, 3601 Turnpike Associates LLC, 250 Park LLC, 488 Madison Avenue Associates

LLC, 257 Park Avenue South Associates LLC, 257 Park Avenue Associates LLC, 257 Park

Avenue South Fee Owner LLC, 370 Seventh Avenue Associates LLC, Seven Penn Associates

LLC, French Partner LLC, SPA_NY LLC, New York French Soundview LLC, 551 Fifth Avenue

Co-Investors LLC, New York French Building Co-Investors LLC, CIC_NY LLC, 10 South

LaSalle Owner LLC, Madison LaSalle Partners LLC, Fulton Retail LLC, Fulton Green Owner

LLC, 645 North Michigan LLC, 645 No. Michigan LLC/Nakash TIC, Nakash 645 North Michigan

LLC, 730 Franklin Building Owner LLC, North Sheffield Associates LLC, 1151 Third Avenue

Associates LLC, RP Feil 57 LLC, RCGLV FT 200 W 57 LLC, RCGLV 200 W 57 LLC, and P200

Payroll LLC (collectively, "Plaintiffs") commenced this action (the "Action") on or about October

22, 2021, through the filing of a Summons and Complaint against Defendant in the Supreme Court

of the State of New York, County of New York, under Index No. 656108/2021.  Annexed hereto

as Exhibit "A" is a copy of the Summons and Complaint, which constitutes all process, pleadings, and/or orders that have been filed in the Action and/or served upon Defendant, as required by 28 U.S.C. § 1446(a).

2.      This Notice of Removal is being filed within thirty (30) days of the receipt by Defendant of the Summons and Complaint, and, therefore, is timely filed pursuant to 28 U.S.C. §§ 1441, 1446(b).

3.      Removal of this action is proper because this is a civil action in which Plaintiffs seek monetary relief in excess of $75,000.00 against Defendant and there is, upon information and belief, complete diversity of citizenship within the meaning of 28 U.S.C. § 1332 between Plaintiffs and Defendant.  Defendant is a corporation organized under the laws of the State of Rhode Island with its principal place of business in the State of Rhode Island.  As such, Defendant is a citizen of the State of Rhode Island.  Plaintiff Broadwall Management Corp. is a corporation organized under the laws of the State of New York with its principal place of business in the State of New York.  As such, Plaintiff Broadwall Management Corp. is a citizen of the State of New York.  The remaining Plaintiffs consist of limited liability companies organized under the laws of either the State of New York or the State of Illinois.  The residence and domicile of each of these Plaintiff LLCs' member(s) and any state(s) or other jurisdiction(s) of which each of these Plaintiff LLCs is a citizen for purposes of 28 U.S.C. § 1332 is unknown to Defendant and, as such, under Local Civil Rule 81.1 of the Local Rules, each of these Plaintiff LLCs within twenty-one (21) days hereof must file in the office of the Clerk a statement containing this information.  Defendant has consulted the sources at its disposal, including court filings and other public records, and has found nothing to indicate that any of these Plaintiff LLCs have any member that is directly or indirectly a citizen of the State of Rhode Island.

4.      Venue is proper in this United States District Court pursuant to 28 U.S.C. § 1446(a) because this action is pending in New York County, which is within the Southern District of New York.

## I.

### Nature of the Case

5.      This Action is of a civil nature in which Plaintiffs purport to seek monetary damages against Defendant in connection with Defendant's alleged breach of an insurance policy.

6.      Specifically, in the Complaint, Plaintiffs – a group of commercial landlords operating spaces leased to various businesses – allege that Defendant breached a policy of insurance issued to Plaintiffs by failing to provide coverage for Plaintiffs' alleged business interruption losses stemming from the COVID-19 pandemic. See Ex. A at ¶¶ 76, 88-93.

7.      Plaintiffs seek an award of compensatory damages in an amount of $18,869,447.00, together with such additional and subsequent damages as may be incurred and proven at trial, plus reasonable fees and costs of this action.  See Ex. A at ¶¶ 100, WHEREFORE.

## II.

### The Requirements for Removal Are Satisfied

8.      The requirements for diversity jurisdiction under 28 U.S.C. § 1332(a)(1) are satisfied.

### A.      Diversity of Citizenship

9.      At the time this lawsuit was filed and as of the date of this notice, Plaintiff Broadwall Management Corp. was and is a domestic corporation duly organized and existing under the laws of the State of New York, having its principal place of business at 370 7th Avenue, New York, New York 10001.  See Ex. A at ¶ 11.  Defendant is unaware of any other state or

jurisdiction in which Plaintiff Broadwall Management Corp. is a citizen for purposes of 28 U.S.C. § 1332.

10.     At the time this lawsuit was filed and as of the date of this notice, Plaintiff CP Associates, LLC was and is a New York limited liability company duly organized and existing under the laws of the State of New York.  See Ex. A at ¶ 12.  The residence and domicile of Plaintiff CP Associates, LLC's member(s) and any state(s) or other jurisdiction(s) of which Plaintiff CP Associates, LLC is a citizen for purposes of 28 U.S.C. § 1332 is unknown to Defendant and, as such, under Local Civil Rule 81.1 of the Local Rules, Plaintiff CP Associates, LLC within twenty-one (21) days hereof must file in the office of the Clerk a statement containing this information.  Concomitantly with the filing and service of this Notice of Removal, Defendant is also serving Plaintiff CP Associates, LLC with a demand pursuant to Local Civil Rule 26.1 of the Local Rules, thus requiring Plaintiff CP Associates, LLC to provide within seven (7) days thereof a verified statement setting forth the "residence and domicile, and any state or other jurisdiction of which that party is a citizen for purposes of 28 U.S.C. § 1332" for each of its members.

11.     At the time this lawsuit was filed and as of the date of this notice, Plaintiff Nassau Mall Plaza Associates LLC was and is a New York limited liability company duly organized and existing under the laws of the State of New York.  See Ex. A at ¶ 13.  The residence and domicile of Plaintiff Nassau Mall Plaza Associates' member(s) and any state(s) or other jurisdiction(s) of which Plaintiff CP Associates, LLC is a citizen for purposes of 28 U.S.C. § 1332 is unknown to Defendant and, as such, under Local Civil Rule 81.1 of the Local Rules, Plaintiff CP Associates, LLC within twenty-one (21) days hereof must file in the office of the Clerk a statement containing this information.  Concomitantly with the filing and service of this Notice of Removal, Defendant is also serving Plaintiff Nassau Mall Plaza Associates with a demand pursuant to Local Civil Rule

26.1 of the Local Rules, thus requiring Plaintiff Nassau Mall Plaza Associates to provide within seven (7) days thereof a verified statement setting forth the "residence and domicile, and any state or other jurisdiction of which that party is a citizen for purposes of 28 U.S.C. § 1332" for each of its members.

12.     At the time this lawsuit was filed and as of the date of this notice, Plaintiff 3601 Turnpike Associates LLC was and is a New York limited liability company duly organized and existing under the laws of the State of New York.  See Ex. A at ¶ 14.  The residence and domicile of Plaintiff 3601 Turnpike Associates LLC's member(s) and any state(s) or other jurisdiction(s) of which Plaintiff 3601 Turnpike Associates LLC is a citizen for purposes of 28 U.S.C. § 1332 is unknown to Defendant and, as such, under Local Civil Rule 81.1 of the Local Rules, Plaintiff CP Associates, LLC within twenty-one (21) days hereof must file in the office of the Clerk a statement containing this information.  Concomitantly with the filing and service of this Notice of Removal, Defendant is also serving Plaintiff 3601 Turnpike Associates LLC with a demand pursuant to Local Civil Rule 26.1 of the Local Rules, thus requiring Plaintiff 3601 Turnpike Associates LLC to provide within seven (7) days thereof a verified statement setting forth the "residence and domicile, and any state or other jurisdiction of which that party is a citizen for purposes of 28 U.S.C. § 1332" for each of its members.

13.     At the time this lawsuit was filed and as of the date of this notice, Plaintiff 250 Park, LLC was and is a New York limited liability company duly organized and existing under the laws of the State of New York.  See Ex. A at ¶ 15.  The residence and domicile of Plaintiff 250 Park, LLC's member(s) and any state(s) or other jurisdiction(s) of which Plaintiff 250 Park, LLC is a citizen for purposes of 28 U.S.C. § 1332 is unknown to Defendant and, as such, under Local Civil Rule 81.1 of the Local Rules, Plaintiff CP Associates, LLC within twenty-one (21) days hereof

must file in the office of the Clerk a statement containing this information.  Concomitantly with the filing and service of this Notice of Removal, Defendant is also serving Plaintiff 250 Park, LLC with a demand pursuant to Local Civil Rule 26.1 of the Local Rules, thus requiring Plaintiff 250 Park, LLC to provide within seven (7) days thereof a verified statement setting forth the "residence and domicile, and any state or other jurisdiction of which that party is a citizen for purposes of 28 U.S.C. § 1332" for each of its members.

14.     At the time this lawsuit was filed and as of the date of this notice, Plaintiff 488 Madison Avenue Associates LLC aka 488 Madison Avenue Associates aka 488 Sub-Tenants Association was and is a New York limited liability company duly organized and existing under the laws of the State of New York.  See Ex. A at ¶ 16.  The residence and domicile of Plaintiff 488 Madison Avenue Associates LLC's member(s) and any state(s) or other jurisdiction(s) of which Plaintiff 488 Madison Avenue Associates LLC is a citizen for purposes of 28 U.S.C. § 1332 is unknown to Defendant and, as such, under Local Civil Rule 81.1 of the Local Rules, Plaintiff CP Associates, LLC within twenty-one (21) days hereof must file in the office of the Clerk a statement of this information.  Concomitantly with the filing and service of this Notice of Removal, Defendant is also serving Plaintiff 488 Madison Avenue Associates LLC with a demand pursuant to Local Civil Rule 26.1 of the Local Rules, thus requiring Plaintiff 488 Madison Avenue Associates LLC to provide within seven (7) days thereof a verified statement setting forth the "residence and domicile, and any state or other jurisdiction of which that party is a citizen for purposes of 28 U.S.C. § 1332" for each of its members.

15.     At the time this lawsuit was filed and as of the date of this notice, Plaintiff 257 Park Avenue South Associates was and is a New York limited liability company duly organized and existing under the laws of the State of New York.  See Ex. A at ¶ 17.  The residence and domicile

of Plaintiff 257 Park Avenue South Associates' member(s) and any state(s) or other jurisdiction(s) of which Plaintiff 257 Park Avenue South Associates is a citizen for purposes of 28 U.S.C. § 1332 is unknown to Defendant and, as such, under Local Civil Rule 81.1 of the Local Rules, Plaintiff CP Associates, LLC within twenty-one (21) days hereof must file in the office of the Clerk a statement of this information. Concomitantly with the filing and service of this Notice of Removal, Defendant is also serving Plaintiff 257 Park Avenue South Associates with a demand pursuant to Local Civil Rule 26.1 of the Local Rules, thus requiring Plaintiff 257 Park Avenue South Associates to provide within seven (7) days thereof a verified statement setting forth the "residence and domicile, and any state or other jurisdiction of which that party is a citizen for purposes of 28 U.S.C. § 1332" for each of its members.

16.     At the time this lawsuit was filed and as of the date of this notice, Plaintiff 257 Park Avenue Associates was and is a New York limited liability company duly organized and existing under the laws of the State of New York. See Ex. A at ¶ 18. The residence and domicile of Plaintiff 257 Park Avenue Associates' member(s) and any state(s) or other jurisdiction(s) of which Plaintiff 257 Park Avenue Associates is a citizen for purposes of 28 U.S.C. § 1332 is unknown to Defendant and, as such, under Local Civil Rule 81.1 of the Local Rules, Plaintiff CP Associates, LLC within twenty-one (21) days hereof must file in the office of the Clerk a statement of this information. Concomitantly with the filing and service of this Notice of Removal, Defendant is also serving Plaintiff 257 Park Avenue Associates with a demand pursuant to Local Civil Rule 26.1 of the Local Rules, thus requiring Plaintiff 257 Park Avenue Associates to provide within seven (7) days thereof a verified statement setting forth the "residence and domicile, and any state or other jurisdiction of which that party is a citizen for purposes of 28 U.S.C. § 1332" for each of its members.

17.     At the time this lawsuit was filed and as of the date of this notice, Plaintiff 257 Park Avenue South Fee Owner, LLC was and is a New York limited liability company duly organized and existing under the laws of the State of New York.  See Ex. A at ¶ 19.  The residence and domicile of Plaintiff 257 Park Avenue South Fee Owner, LLC's member(s) and any state(s) or other jurisdiction(s) of which Plaintiff 257 Park Avenue South Fee Owner, LLC is a citizen for purposes of 28 U.S.C. § 1332 is unknown to Defendant and, as such, under Local Civil Rule 81.1 of the Local Rules, Plaintiff 257 Park Avenue South Fee Owner, LLC within twenty-one (21) days hereof must file in the office of the Clerk a statement of this information.  Concomitantly with the filing and service of this Notice of Removal, Defendant is also serving Plaintiff 257 Park Avenue South Fee Owner, LLC with a demand pursuant to Local Civil Rule 26.1 of the Local Rules, thus requiring Plaintiff 257 Park Avenue South Fee Owner, LLC to provide within seven (7) days thereof a verified statement setting forth the "residence and domicile, and any state or other jurisdiction of which that party is a citizen for purposes of 28 U.S.C. § 1332" for each of its members.

18.     At the time this lawsuit was filed and as of the date of this notice, Plaintiff 370 Seventh Avenue Associates, LLC was and is a New York limited liability company duly organized and existing under the laws of the State of New York.  See Ex. A at ¶ 20.  The residence and domicile of Plaintiff 370 Seventh Avenue Associates, LLC's member(s) and any state(s) or other jurisdiction(s) of which Plaintiff 370 Seventh Avenue Associates, LLC is a citizen for purposes of 28 U.S.C. § 1332 is unknown to Defendant and, as such, under Local Civil Rule 81.1 of the Local Rules, Plaintiff 370 Seventh Avenue Associates, LLC within twenty-one (21) days hereof must file in the office of the Clerk a statement of this information.  Concomitantly with the filing and service of this Notice of Removal, Defendant is also serving Plaintiff 370 Seventh Avenue

Associates, LLC with a demand pursuant to Local Civil Rule 26.1 of the Local Rules, thus requiring Plaintiff 370 Seventh Avenue Associates, LLC to provide within seven (7) days thereof a verified statement setting forth the "residence and domicile, and any state or other jurisdiction of which that party is a citizen for purposes of 28 U.S.C. § 1332" for each of its members.

19.     At the time this lawsuit was filed and as of the date of this notice, Plaintiff 370 Seventh Avenue Fee Owner LLC was and is a New York limited liability company duly organized and existing under the laws of the State of New York.  See Ex. A at ¶ 21.  The residence and domicile of Plaintiff 370 Seventh Avenue Fee Owner LLC's member(s) and any state(s) or other jurisdiction(s) of which Plaintiff 370 Seventh Avenue Fee Owner LLC is a citizen for purposes of 28 U.S.C. § 1332 is unknown to Defendant and, as such, under Local Civil Rule 81.1 of the Local Rules, Plaintiff 370 Seventh Avenue Fee Owner LLC within twenty-one (21) days hereof must file in the office of the Clerk a statement of this information.  Concomitantly with the filing and service of this Notice of Removal, Defendant is also serving Plaintiff 370 Seventh Avenue Fee Owner LLC with a demand pursuant to Local Civil Rule 26.1 of the Local Rules, thus requiring Plaintiff 370 Seventh Avenue Fee Owner LLC to provide within seven (7) days thereof a verified statement setting forth the "residence and domicile, and any state or other jurisdiction of which that party is a citizen for purposes of 28 U.S.C. § 1332" for each of its members.

20.     At the time this lawsuit was filed and as of the date of this notice, Plaintiff Seven Penn Associates was and is a New York limited liability company duly organized and existing under the laws of the State of New York.  See Ex. A at ¶ 22.  The residence and domicile of Plaintiff Seven Penn Associates' member(s) and any state(s) or other jurisdiction(s) of which Plaintiff Seven Penn Associates is a citizen for purposes of 28 U.S.C. § 1332 is unknown to Defendant and, as such, under Local Civil Rule 81.1 of the Local Rules, Plaintiff Seven Penn

Associates within twenty-one (21) days hereof must file in the office of the Clerk a statement of this information. Concomitantly with the filing and service of this Notice of Removal, Defendant is also serving Plaintiff Seven Penn Associates with a demand pursuant to Local Civil Rule 26.1 of the Local Rules, thus requiring Plaintiff Seven Penn Associates to provide within seven (7) days thereof a verified statement setting forth the "residence and domicile, and any state or other jurisdiction of which that party is a citizen for purposes of 28 U.S.C. § 1332" for each of its members.

21.     At the time this lawsuit was filed and as of the date of this notice, Plaintiff French Partners LLC was and is a New York limited liability company duly organized and existing under the laws of the State of New York.  See Ex. A at ¶ 23.  The residence and domicile of Plaintiff French Partners LLC's member(s) and any state(s) or other jurisdiction(s) of which Plaintiff French Partners LLC is a citizen for purposes of 28 U.S.C. § 1332 is unknown to Defendant and, as such, under Local Civil Rule 81.1 of the Local Rules Plaintiff French Partners LLC within twenty-one (21) days hereof must file in the office of the Clerk a statement of this information. Concomitantly with the filing and service of this Notice of Removal, Defendant is also serving Plaintiff French Partners LLC with a demand pursuant to Local Civil Rule 26.1 of the Local Rules, thus requiring Plaintiff French Partners LLC to provide within seven (7) days thereof a verified statement setting forth the "residence and domicile, and any state or other jurisdiction of which that party is a citizen for purposes of 28 U.S.C. § 1332" for each of its members.

22.     At the time this lawsuit was filed and as of the date of this notice, Plaintiff SPA_NY LLC was and is a New York limited liability company duly organized and existing under the laws of the State of New York.  See Ex. A at ¶ 24.  The residence and domicile of Plaintiff SPA_NY LLC's member(s) and any state(s) or other jurisdiction(s) of which Plaintiff SPA_NY LLC is a

citizen for purposes of 28 U.S.C. § 1332 is unknown to Defendant and, as such, under Local Civil Rule 81.1 of the Local Rules Plaintiff SPA_NY LLC within twenty-one (21) days hereof must file in the office of the Clerk a statement of this information.  Concomitantly with the filing and service of this Notice of Removal, Defendant is also serving Plaintiff SPA_NY LLC with a demand pursuant to Local Civil Rule 26.1 of the Local Rules, thus requiring Plaintiff SPA_NY LLC to provide within seven (7) days thereof a verified statement setting forth the "residence and domicile, and any state or other jurisdiction of which that party is a citizen for purposes of 28 U.S.C. § 1332" for each of its members.

23.     At the time this lawsuit was filed and as of the date of this notice, Plaintiff New York French Soundview LLC was and is a New York limited liability company duly organized and existing under the laws of the State of New York.  See Ex. A at ¶ 25.  The residence and domicile of Plaintiff New York French Soundview LLC's member(s) and any state(s) or other jurisdiction(s) of which Plaintiff New York French Soundview LLC is a citizen for purposes of 28 U.S.C. § 1332 is unknown to Defendant and, as such, under Local Civil Rule 81.1 of the Local Rules Plaintiff New York French Soundview LLC within twenty-one (21) days hereof must file in the office of the Clerk a statement of this information.  Concomitantly with the filing and service of this Notice of Removal, Defendant is also serving Plaintiff New York French Soundview LLC with a demand pursuant to Local Civil Rule 26.1 of the Local Rules, thus requiring Plaintiff New York French Soundview LLC to provide within seven (7) days thereof a verified statement setting forth the "residence and domicile, and any state or other jurisdiction of which that party is a citizen for purposes of 28 U.S.C. § 1332" for each of its members.

24.     At the time this lawsuit was filed and as of the date of this notice, Plaintiff New York Fifth Avenue Co-Investors LLC was and is a New York limited liability company duly

organized and existing under the laws of the State of New York.  See Ex. A at ¶ 26.  The residence and domicile of Plaintiff New York Fifth Avenue Co-Investors LLC's member(s) and any state(s) or other jurisdiction(s) of which Plaintiff New York Fifth Avenue Co-Investors LLC is a citizen for purposes of 28 U.S.C. § 1332 is unknown to Defendant and, as such, under Local Civil Rule 81.1 of the Local Rules Plaintiff New York Fifth Avenue Co-Investors LLC within twenty-one (21) days hereof must file in the office of the Clerk a statement of this information.  Concomitantly with the filing and service of this Notice of Removal, Defendant is also serving Plaintiff New York Fifth Avenue Co-Investors LLC with a demand pursuant to Local Civil Rule 26.1 of the Local Rules, thus requiring Plaintiff New York Fifth Avenue Co-Investors LLC to provide within seven (7) days thereof a verified statement setting forth the "residence and domicile, and any state or other jurisdiction of which that party is a citizen for purposes of 28 U.S.C. § 1332" for each of its members.

25.     At the time this lawsuit was filed and as of the date of this notice, Plaintiff New York French Building Co-Investors LLC was and is a New York limited liability company duly organized and existing under the laws of the State of New York.  See Ex. A at ¶ 27.  The residence and domicile of Plaintiff New York French Building Co-Investors LLC's member(s) and any state(s) or other jurisdiction(s) of which Plaintiff New York French Building Co-Investors LLC is a citizen for purposes of 28 U.S.C. § 1332 is unknown to Defendant and, as such, under Local Civil Rule 81.1 of the Local Rules Plaintiff New York French Building Co-Investors LLC within twenty-one (21) days hereof must file in the office of the Clerk a statement of this information. Concomitantly with the filing and service of this Notice of Removal, Defendant is also serving Plaintiff New York French Building Co-Investors LLC with a demand pursuant to Local Civil Rule 26.1 of the Local Rules, thus requiring Plaintiff New York French Building Co-Investors

LLC to provide within seven (7) days thereof a verified statement setting forth the "residence and domicile, and any state or other jurisdiction of which that party is a citizen for purposes of 28 U.S.C. § 1332" for each of its members.

26.    At the time this lawsuit was filed and as of the date of this notice, Plaintiff CIC-NY, LLC was and is a New York limited liability company duly organized and existing under the laws of the State of New York.  See Ex. A at ¶ 28.  The residence and domicile of Plaintiff CIC-NY, LLC's member(s) and any state(s) or other jurisdiction(s) of which Plaintiff CIC-NY, LLC is a citizen for purposes of 28 U.S.C. § 1332 is unknown to Defendant and, as such, under Local Civil Rule 81.1 of the Local Rules Plaintiff CIC-NY, LLC within twenty-one (21) days hereof must file in the office of the Clerk a statement of this information.  Concomitantly with the filing and service of this Notice of Removal, Defendant is also serving Plaintiff CIC-NY, LLC with a demand pursuant to Local Civil Rule 26.1 of the Local Rules, thus requiring Plaintiff CIC-NY, LLC to provide within seven (7) days thereof a verified statement setting forth the "residence and domicile, and any state or other jurisdiction of which that party is a citizen for purposes of 28 U.S.C. § 1332" for each of its members.

27.    At the time this lawsuit was filed and as of the date of this notice, Plaintiff 10 South LaSalle Owner, LLC was and is an Illinois limited liability company duly organized and existing under the laws of the State of Illinois.  See Ex. A at ¶ 29.  The residence and domicile of Plaintiff 10 South LaSalle Owner, LLC's member(s) and any state(s) or other jurisdiction(s) of which Plaintiff 10 South LaSalle Owner, LLC is a citizen for purposes of 28 U.S.C. § 1332 is unknown to Defendant and, as such, under Local Civil Rule 81.1 of the Local Rules Plaintiff 10 South LaSalle Owner, LLC within twenty-one (21) days hereof must file in the office of the Clerk a statement of this information.  Concomitantly with the filing and service of this Notice of Removal,

Defendant is also serving Plaintiff 10 South LaSalle Owner, LLC with a demand pursuant to Local Civil Rule 26.1 of the Local Rules, thus requiring Plaintiff 10 South LaSalle Owner, LLC to provide within seven (7) days thereof a verified statement setting forth the "residence and domicile, and any state or other jurisdiction of which that party is a citizen for purposes of 28 U.S.C. § 1332" for each of its members.

28.     At the time this lawsuit was filed and as of the date of this notice, Plaintiff Madison LaSalle Partners LLC was and is an Illinois limited liability company duly organized and existing under the laws of the State of Illinois.  See Ex. A at ¶ 30.  The residence and domicile of Plaintiff Madison LaSalle Partners LLC's member(s) and any state(s) or other jurisdiction(s) of which Plaintiff Madison LaSalle Partners LLC is a citizen for purposes of 28 U.S.C. § 1332 is unknown to Defendant and, as such, under Local Civil Rule 81.1 of the Local Rules Plaintiff Madison LaSalle Partners LLC within twenty-one (21) days hereof must file in the office of the Clerk a statement of this information.  Concomitantly with the filing and service of this Notice of Removal, Defendant is also serving Plaintiff Madison LaSalle Partners LLC with a demand pursuant to Local Civil Rule 26.1 of the Local Rules, thus requiring Plaintiff Madison LaSalle Partners LLC to provide within seven (7) days thereof a verified statement setting forth the "residence and domicile, and any state or other jurisdiction of which that party is a citizen for purposes of 28 U.S.C. § 1332" for each of its members.

29.     At the time this lawsuit was filed and as of the date of this notice, Plaintiff Fulton Retail, LLC was and is an Illinois limited liability company duly organized and existing under the laws of the State of Illinois.  See Ex. A at ¶ 31.  The residence and domicile of Plaintiff Fulton Retail, LLC's member(s) and any state(s) or other jurisdiction(s) of which Plaintiff Fulton Retail, LLC is a citizen for purposes of 28 U.S.C. § 1332 is unknown to Defendant and, as such, under

Local Civil Rule 81.1 of the Local Rules Plaintiff Fulton Retail, LLC within twenty-one (21) days hereof must file in the office of the Clerk a statement of this information.  Concomitantly with the filing and service of this Notice of Removal, Defendant is also serving Plaintiff Fulton Retail, LLC with a demand pursuant to Local Civil Rule 26.1 of the Local Rules, thus requiring Plaintiff Fulton Retail, LLC to provide within seven (7) days thereof a verified statement setting forth the "residence and domicile, and any state or other jurisdiction of which that party is a citizen for purposes of 28 U.S.C. § 1332" for each of its members.

30.     At the time this lawsuit was filed and as of the date of this notice, Plaintiff Fulton Green Owner, LLC was and is an Illinois limited liability company duly organized and existing under the laws of the State of Illinois.  See Ex. A at ¶ 32.  The residence and domicile of Plaintiff Fulton Green Owner, LLC's member(s) and any state(s) or other jurisdiction(s) of which Plaintiff Fulton Green Owner, LLC is a citizen for purposes of 28 U.S.C. § 1332 is unknown to Defendant and, as such, under Local Civil Rule 81.1 of the Local Rules Plaintiff Fulton Green Owner, LLC within twenty-one (21) days hereof must file in the office of the Clerk a statement of this information.  Concomitantly with the filing and service of this Notice of Removal, Defendant is also serving Plaintiff Fulton Green Owner, LLC with a demand pursuant to Local Civil Rule 26.1 of the Local Rules, thus requiring Plaintiff Fulton Green Owner, LLC to provide within seven (7) days thereof a verified statement setting forth the "residence and domicile, and any state or other jurisdiction of which that party is a citizen for purposes of 28 U.S.C. § 1332" for each of its members.

31.     At the time this lawsuit was filed and as of the date of this notice, Plaintiff 645 No. Michigan, LLC/Nakash TIC was and is an Illinois limited liability company duly organized and existing under the laws of the State of Illinois.  See Ex. A at ¶ 33.  The residence and domicile of

Plaintiff 645 No. Michigan, LLC/Nakash TIC's member(s) and any state(s) or other jurisdiction(s) of which Plaintiff 645 No. Michigan, LLC/Nakash TIC is a citizen for purposes of 28 U.S.C. § 1332 is unknown to Defendant and, as such, under Local Civil Rule 81.1 of the Local Rules Plaintiff 645 No. Michigan, LLC/Nakash TIC within twenty-one (21) days hereof must file in the office of the Clerk a statement of this information.  Concomitantly with the filing and service of this Notice of Removal, Defendant is also serving Plaintiff 645 No. Michigan, LLC/Nakash TIC with a demand pursuant to Local Civil Rule 26.1 of the Local Rules, thus requiring Plaintiff 645 No. Michigan, LLC/Nakash TIC to provide within seven (7) days thereof a verified statement setting forth the "residence and domicile, and any state or other jurisdiction of which that party is a citizen for purposes of 28 U.S.C. § 1332" for each of its members.

32.     At the time this lawsuit was filed and as of the date of this notice, Plaintiff 645 North Michigan LLC was and is an Illinois limited liability company duly organized and existing under the laws of the State of Illinois.  See Ex. A at ¶ 34.  The residence and domicile of Plaintiff 645 North Michigan LLC's member(s) and any state(s) or other jurisdiction(s) of which Plaintiff 645 North Michigan LLC is a citizen for purposes of 28 U.S.C. § 1332 is unknown to Defendant and, as such, under Local Civil Rule 81.1 of the Local Rules Plaintiff 645 North Michigan LLC within twenty-one (21) days hereof must file in the office of the Clerk a statement of this information.  Concomitantly with the filing and service of this Notice of Removal, Defendant is also serving Plaintiff 645 North Michigan LLC with a demand pursuant to Local Civil Rule 26.1 of the Local Rules, thus requiring Plaintiff 645 North Michigan LLC to provide within seven (7) days thereof a verified statement setting forth the "residence and domicile, and any state or other jurisdiction of which that party is a citizen for purposes of 28 U.S.C. § 1332" for each of its members.

33.     At the time this lawsuit was filed and as of the date of this notice, Plaintiff Nakash 645 North Michigan, LLC was and is an Illinois limited liability company duly organized and existing under the laws of the State of Illinois.  See Ex. A at ¶ 35.  The residence and domicile of Plaintiff Nakash 645 North Michigan, LLC's member(s) and any state(s) or other jurisdiction(s) of which Plaintiff Nakash 645 North Michigan, LLC is a citizen for purposes of 28 U.S.C. § 1332 is unknown to Defendant and, as such, under Local Civil Rule 81.1 of the Local Rules Plaintiff Nakash 645 North Michigan, LLC within twenty-one (21) days hereof must file in the office of the Clerk a statement of this information.  Concomitantly with the filing and service of this Notice of Removal, Defendant is also serving Plaintiff Nakash 645 North Michigan, LLC with a demand pursuant to Local Civil Rule 26.1 of the Local Rules, thus requiring Plaintiff Nakash 645 North Michigan, LLC to provide within seven (7) days thereof a verified statement setting forth the "residence and domicile, and any state or other jurisdiction of which that party is a citizen for purposes of 28 U.S.C. § 1332" for each of its members.

34.     At the time this lawsuit was filed and as of the date of this notice, Plaintiff 730 Franklin Building Owner, LLC was and is an Illinois limited liability company duly organized and existing under the laws of the State of Illinois.  See Ex. A at ¶ 36.  The residence and domicile of Plaintiff 730 Franklin Building Owner, LLC's member(s) and any state(s) or other jurisdiction(s) of which Plaintiff 730 Franklin Building Owner, LLC is a citizen for purposes of 28 U.S.C. § 1332 is unknown to Defendant and, as such, under Local Civil Rule 81.1 of the Local Rules Plaintiff 730 Franklin Building Owner, LLC within twenty-one (21) days hereof must file in the office of the Clerk a statement of this information.  Concomitantly with the filing and service of this Notice of Removal, Defendant is also serving Plaintiff 730 Franklin Building Owner, LLC with a demand pursuant to Local Civil Rule 26.1 of the Local Rules, thus requiring Plaintiff 730 Franklin Building

Owner, LLC to provide within seven (7) days thereof a verified statement setting forth the "residence and domicile, and any state or other jurisdiction of which that party is a citizen for purposes of 28 U.S.C. § 1332" for each of its members.

35.     At the time this lawsuit was filed and as of the date of this notice, Plaintiff North Sheffield Associates, LLC was and is an Illinois limited liability company duly organized and existing under the laws of the State of Illinois.  See Ex. A at ¶ 37.  The residence and domicile of Plaintiff North Sheffield Associates, LLC's member(s) and any state(s) or other jurisdiction(s) of which Plaintiff North Sheffield Associates, LLC is a citizen for purposes of 28 U.S.C. § 1332 is unknown to Defendant and, as such, under Local Civil Rule 81.1 of the Local Rules Plaintiff North Sheffield Associates, LLC within twenty-one (21) days hereof must file in the office of the Clerk a statement of this information.  Concomitantly with the filing and service of this Notice of Removal, Defendant is also serving Plaintiff North Sheffield Associates, LLC with a demand pursuant to Local Civil Rule 26.1 of the Local Rules, thus requiring Plaintiff North Sheffield Associates, LLC to provide within seven (7) days thereof a verified statement setting forth the "residence and domicile, and any state or other jurisdiction of which that party is a citizen for purposes of 28 U.S.C. § 1332" for each of its members.

36.     At the time this lawsuit was filed and as of the date of this notice, Plaintiff 1151 Third Avenue Associates, LLC was and is a New York limited liability company duly organized and existing under the laws of the State of New York.  See Ex. A at ¶ 38.  The residence and domicile of Plaintiff 1151 Third Avenue Associates, LLC's member(s) and any state(s) or other jurisdiction(s) of which Plaintiff 1151 Third Avenue Associates, LLC is a citizen for purposes of 28 U.S.C. § 1332 is unknown to Defendant and, as such, under Local Civil Rule 81.1 of the Local Rules Plaintiff 1151 Third Avenue Associates, LLC within twenty-one (21) days hereof must file

in the office of the Clerk a statement of this information.  Concomitantly with the filing and service

of this Notice of Removal, Defendant is also serving Plaintiff 1151 Third Avenue Associates, LLC

with a demand pursuant to Local Civil Rule 26.1 of the Local Rules, thus requiring Plaintiff 1151

Third Avenue Associates, LLC to provide within seven (7) days thereof a verified statement setting

forth the "residence and domicile, and any state or other jurisdiction of which that party is a citizen

for purposes of 28 U.S.C. § 1332" for each of its members.

      37.    At the time this lawsuit was filed and as of the date of this notice, Plaintiff RP Feil

57, LLC was and is a New York limited liability company duly organized and existing under the

laws of the State of New York.  See Ex. A at ¶ 39.  The residence and domicile of Plaintiff RP Feil

57, LLC's member(s) and any state(s) or other jurisdiction(s) of which Plaintiff RP Feil 57, LLC

is a citizen for purposes of 28 U.S.C. § 1332 is unknown to Defendant and, as such, under Local

Civil Rule 81.1 of the Local Rules Plaintiff RP Feil 57, LLC within twenty-one (21) days hereof

must file in the office of the Clerk a statement of this information.  Concomitantly with the filing

and service of this Notice of Removal, Defendant is also serving Plaintiff RP Feil 57, LLC with a

demand pursuant to Local Civil Rule 26.1 of the Local Rules, thus requiring Plaintiff RP Feil 57,

LLC to provide within seven (7) days thereof a verified statement setting forth the "residence and

domicile, and any state or other jurisdiction of which that party is a citizen for purposes of 28

U.S.C. § 1332" for each of its members.

      38.    At the time this lawsuit was filed and as of the date of this notice, Plaintiff RCGLV

FT 200 W 57, LLC was and is a New York limited liability company duly organized and existing

under the laws of the State of New York.  See Ex. A at ¶ 40.  The residence and domicile of

Plaintiff RCGLV FT 200 W 57, LLC's member(s) and any state(s) or other jurisdiction(s) of which

Plaintiff RCGLV FT 200 W 57, LLC is a citizen for purposes of 28 U.S.C. § 1332 is unknown to

Defendant and, as such, under Local Civil Rule 81.1 of the Local Rules Plaintiff RCGLV FT 200 W 57, LLC within twenty-one (21) days hereof must file in the office of the Clerk a statement of this information. Concomitantly with the filing and service of this Notice of Removal, Defendant is also serving Plaintiff RCGLV FT 200 W 57, LLC with a demand pursuant to Local Civil Rule 26.1 of the Local Rules, thus requiring Plaintiff RCGLV FT 200 W 57, LLC to provide within seven (7) days thereof a verified statement setting forth the "residence and domicile, and any state or other jurisdiction of which that party is a citizen for purposes of 28 U.S.C. § 1332" for each of its members.

39.     At the time this lawsuit was filed and as of the date of this notice, Plaintiff RCGLV 200 W57 LLC was and is an New York limited liability company duly organized and existing under the laws of the State of New York.  See Ex. A at ¶ 41.  The residence and domicile of Plaintiff RCGLV 200 W57 LLC's member(s) and any state(s) or other jurisdiction(s) of which Plaintiff RCGLV 200 W57 LLC is a citizen for purposes of 28 U.S.C. § 1332 is unknown to Defendant and, as such, under Local Civil Rule 81.1 of the Local Rules Plaintiff RCGLV 200 W57 LLC within twenty-one (21) days hereof must file in the office of the Clerk a statement of this information.  Concomitantly with the filing and service of this Notice of Removal, Defendant is also serving Plaintiff RCGLV 200 W57 LLC with a demand pursuant to Local Civil Rule 26.1 of the Local Rules, thus requiring Plaintiff RCGLV 200 W57 LLC to provide within seven (7) days thereof a verified statement setting forth the "residence and domicile, and any state or other jurisdiction of which that party is a citizen for purposes of 28 U.S.C. § 1332" for each of its members.

40.     At the time this lawsuit was filed and as of the date of this notice, Plaintiff RP/Feil 57 LLC was and is an New York limited liability company duly organized and existing under the

laws of the State of New York.  See Ex. A at ¶ 42.  The residence and domicile of Plaintiff RP/Feil 57 LLC's member(s) and any state(s) or other jurisdiction(s) of which Plaintiff RP/Feil 57 LLC is a citizen for purposes of 28 U.S.C. § 1332 is unknown to Defendant and, as such, under Local Civil Rule 81.1 of the Local Rules Plaintiff RP/Feil 57 LLC within twenty-one (21) days hereof must file in the office of the Clerk a statement of this information.  Concomitantly with the filing and service of this Notice of Removal, Defendant is also serving Plaintiff RP/Feil 57 LLC with a demand pursuant to Local Civil Rule 26.1 of the Local Rules, thus requiring Plaintiff RP/Feil 57 LLC to provide within seven (7) days thereof a verified statement setting forth the "residence and domicile, and any state or other jurisdiction of which that party is a citizen for purposes of 28 U.S.C. § 1332" for each of its members

41.     At the time this lawsuit was filed and as of the date of this notice, Plaintiff P200 Payroll LLC was and is a New York limited liability company duly organized and existing under the laws of the State of New York.  See Ex. A at ¶ 43.  The residence and domicile of Plaintiff P200 Payroll LLC's member(s) and any state(s) or other jurisdiction(s) of which Plaintiff P200 Payroll LLC is a citizen for purposes of 28 U.S.C. § 1332 is unknown to Defendant and, as such, under Local Civil Rule 81.1 of the Local Rules Plaintiff P200 Payroll LLC within twenty-one (21) days hereof must file in the office of the Clerk a statement of this information.  Concomitantly with the filing and service of this Notice of Removal, Defendant is also serving Plaintiff P200 Payroll LLC with a demand pursuant to Local Civil Rule 26.1 of the Local Rules, thus requiring Plaintiff P200 Payroll LLC to provide within seven (7) days thereof a verified statement setting forth the "residence and domicile, and any state or other jurisdiction of which that party is a citizen for purposes of 28 U.S.C. § 1332" for each of its members.

42.     At the time this lawsuit was filed and as of the date of this notice, Defendant was and is a citizen of the State of Rhode Island because it is a Rhode Island corporation with its principal place of business in Rhode Island.  See 28 U.S.C. § 1332(c)(1); Ex. A at ¶ 44.  Defendant is not a citizen of any other state or jurisdiction for purposes of 28 U.S.C. § 1332.  Defendant accepted service of process of the Summons and Complaint effective November 5, 2021.

43.     Accordingly, the diversity requirement of 28 U.S.C. § 1332(a)(1) is satisfied.

**B.      Amount in Controversy**

44.     On its face, the Complaint seeks an award of compensatory damages in an amount of $18,869,447.00, thus satisfying the amount in controversy requirement of 28 U.S.C.§ 1332(a)(1). See Ex. A at ¶¶ 100, WHEREFORE.

**III.**

**The Other Procedural Requisites for Removal are Satisfied**

45.     Removal is timely under 28 U.S.C. §§ 1446(b), 1453 because the Complaint is the first pleading, motion, Order, or other paper from which it could first be ascertained that this action is one which is or has become removable.  This Notice of Removal is filed within thirty (30) days of receipt of a copy of the Complaint, which was filed on October 22, 2021 and service of which was completed on November 5, 2021.  Pursuant to 28 U.S.C. § 1446(a), the Complaint is annexed hereto as part of Exhibit "A".

46.     Defendant will give written notice to Plaintiffs (through their counsel) of the filing of this Notice of Removal, as required by 28 U.S.C. § 1446(d).

47.     A copy of this Notice of Removal and a Notice of Filing the Notice of Removal will be filed by Defendant with the Clerk of the Supreme Court of the State of New York, County

of New York, as required by 28 U.S.C. § 1446(d).  Defendant has thus satisfied the requirements

for removal under 28 U.S.C. § 1446 and all applicable rules.

**IV.**
**Conclusion**

48.     For all the foregoing reasons, Defendant respectfully requests that this Court

assume full jurisdiction over the cause of action herein as provided by law.  Defendant intends no

admission of liability by this Notice and expressly reserves all defenses, motions, and pleas,

including, without limitation, objections to the sufficiency of Plaintiffs' pleading.

Dated:  Uniondale, New York
            December 2, 2021

> Respectfully submitted,
> RIVKIN RADLER LLP
>
> By: /s/ Brian L. Bank
>         Gregory D. Miller (GM 2387)
>         Michael A. Troisi (MT 2002)
>         Brian L. Bank (BB 5995)
> 926 RXR Plaza
> Uniondale, New York 11556
> Telephone:     (516) 357-3000
> Facsimile:     (516) 357-3333
>
> -and-
>
> 25 Main Street, Suite 501
> Hackensack, New Jersey 07601
> Telephone:     (201) 287-2460
> Facsimile:     (201) 489-0495
>
> *Counsel for Defendant Affiliated FM Insurance Company*