

# RIVKIN RADLER
### ATTORNEYS AT LAW

WWW.RIVKINRADLER.COM

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000 F 516.357.3333

**BRIAN L. BANK**
Partner
(516) 357-3516
brian.bank@rivkin.com

March 9, 2022

**VIA ECF**
Honorable Paul A. Engelmayer, U.S.D.J.
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2201
New York, New York 10007

      Re:   *Broadwall Management Corp., et al. v. Affiliated FM Insurance Company*
            Docket No. 1:21-cv-10247-PAE (S.D.N.Y.)
            Our File No.: 003135-00007

Dear Judge Engelmayer:

     This Firm is counsel to Defendant AFFILIATED FM INSURANCE COMPANY ("Defendant") in the above-referenced matter. I write, with the consent of Plaintiffs BROADWALL MANAGEMENT CORP., CP ASSOCIATES LLC, NASSAU MALL PLAZA ASSOCIATES LLC, 3601 TURNPIKE ASSOCIATES LLC, 250 PARK LLC, 488 MADISON AVENUE ASSOCIATES LLC, 257 PARK AVENUE SOUTH ASSOCIATES LLC, 257 SOUTH PARK AVENUE FEE OWNER LLC, 370 SEVENTH AVENUE ASSOCIATES LLC, SEVEN PENN ASSOCIATES 10 SOUTH LASALLE OWNER LLC, MADISON LASALLE PARTNERS LLC, FULTON RETAIL LLC, FULTON GREEN OWNER LLC, 645 NO. MICHIGAN LLC/NAKASH TIC, NAKASH 645 NORTH MICIGAN [sic] LLC, 730 FRANKLIN BUILDING OWNER LLC, NORTH SHEFFIELD ASSOCIATES LLC, 1151 THIRD AVENUE ASSOCIATES LLC, 1151 THIRD AVENUE ASSOCIATES LLC, RP FEIL 57 LLC, RP/FEIL 57 MEZZ LLC, and P200 PAYROLL LLC (collectively, "Plaintiffs"), to jointly request that discovery in this action be stayed pending a decision on Defendant's Motion to Dismiss, which was filed on March 1, 2022 and which will be fully briefed on April 19, 2022.

     By way of background, this case involves a COVID-19 insurance coverage dispute. Plaintiffs consist of a group of commercial landlords operating fourteen spaces, each of which is leased to various businesses. Plaintiffs allege that Defendant breached a policy of insurance issued to Plaintiffs by failing to provide business interruption coverage for Plaintiffs' alleged losses stemming from the COVID-19 pandemic starting in March 2020.

5723899.v1

RIVKIN RADLER LLP

Honorable Paul A. Engelmayer, U.S.D.J.
March 9, 2022
Page 2

Under Federal Rule of Civil Procedure 26(c), a district court may stay discovery during the pendency of a motion to dismiss for "good cause shown." In re Currency Conversion Fee Antitrust Litig., M21-95, 2002 WL 88278 (S.D.N.Y. Jan. 22, 2002). Good cause "requires a showing of facts militating in favor of the stay." Am. Booksellers Ass'n, Inc. v. Houghton Mifflin Co., Inc., 94-cv-8566-JFK, 1995 WL 72376, at *1 (S.D.N.Y. Feb. 22, 1995). In analyzing whether good cause exists to support a stay while a motion to dismiss is pending, the following factors are considered: (i) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious; (ii) the breadth of discovery and the burden of responding to it; and (iii) the risk of unfair prejudice to the party opposing the stay. See Guiffre v. Maxwell, No. 15-cv-7433-RWS, 2016 WL 254932 (S.D.N.Y. Jan. 20, 2016). Additional relevant factors include "the nature and complexity of the action, whether some or all of the defendants have joined in the request for a stay, the type of motion, and whether it is a challenge as a matter of law or to the sufficiency of the allegations, and the posture or stage of the litigation." Spinelli v. Natl. Football League, 96 F. Supp. 3d 81 (S.D.N.Y. 2015).

In this case, although the parties disagree on the merits of the pending motion, both sides are cognizant that the Second Circuit has issued several recent rulings addressing, pre-answer, whether insurance coverage for "direct physical loss" or "direct physical damage" to property is triggered by business loss and/or interruption associated with the COVID-19 pandemic. See Dear Mountain Inn LLC v. Union Ins. Co., No. 21-1513, 2022 WL 598976 (2d Cir. Mar. 1, 2022); Kim-Chee LLC v. Philadelphia Indem. Ins. Co., No. 21-1082-CV, 2022 WL 258569 (2d Cir. Jan. 28, 2022); 10012 Holdings, Inc. v. Sentinel Ins. Co., Ltd., 21 F.4th 216 (2d Cir. 2021). Defendant contends that based on these authorities, it has made a strong showing that Plaintiffs' claim is unmeritorious. Plaintiffs are still evaluating these decisions in connection with their forthcoming opposition to Defendant's motion, but recognize that the Court is very likely to consider them in adjudicating the motion.

Regarding the second factor, the parties anticipate that discovery in this action will encompass, for each of the fourteen properties at issue, voluminous document production, fact testimony, and expert opinions relating both to the merits of Plaintiffs' claim and the alleged damages stemming from same. The parties thus expect that the breadth of discovery will be substantial and both sides will be burdened by responding to it. The parties further believe that the Court's decision on the pending motion may well eliminate, or substantially limit, the scope of necessary discovery in this action.

Regarding the third factor, since all parties in this action consent to a stay of discovery, no party is opposing the request or risking unfair prejudice.

Collectively, these factors, when taken together with considerations of the nature and complexity of this action, the fact that all parties join in the request for a stay, the merits-based arguments advanced in Defendant's motion to dismiss, and the current posture of the litigation, militate in favor of granting a stay of discovery in this action.

RIVKIN RADLER LLP

Honorable Paul A. Engelmayer, U.S.D.J.
March 9, 2022
Page 3

      The parties thus respectfully request that the Court issue an order staying discovery in this action pending a decision on Defendant's motion to dismiss.

      The Court's time and attention to this matter are greatly appreciated.

> Respectfully submitted,
> RIVKIN RADLER LLP
>
> /s/ Brian L. Bank
> Brian L. Bank

cc: All counsel of record via ECF

Granted. The initial pretrial conference in this case, scheduled for March 17, 2022, is adjourned. The Court will, if necessary, set a new conference date after resolution of the pending motion to dismiss. The Clerk of Court is respectfully directed to close the motion pending at docket number 33. SO ORDERED.

*Paul A. Engelmayer*

PAUL A. ENGELMAYER
United States District Judge

Dated: March 9, 2022

5723899.v1